Roland Tellis (SBN 186269)
rtellis@baronbudd.com
David Fernandes (SBN 280944)
dfernandes@baronbudd.com
Sterling L. Cluff (SBN 267142)
scluff@baronbudd.com
Michael J. Pacelli (SBN 338042)
mpacelli@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818.839.2333

*Attorneys for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

KATHERINE WILSON, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

GOOGLE LLC,

Defendant.

CASE NO. 5:24-cv-03176-BLF

**PLAINTIFF'S OPPOSITION TO DEFENDANT GOOGLE LLC'S REQUEST FOR JUDICIAL NOTICE**

| | |
|---|---|
| Date: | November 14, 2024 |
| Time: | 9:00 a.m. |
| Dept.: | Courtroom 3, 5th Floor |
| Judge: | Beth Labson Freeman |
| Trial Date: | TBD |
| Date Action Filed: | May 24, 2024 |

## I. INTRODUCTION

Google filed a motion to dismiss pursuant to Rule 12(b)(7) and 12(b)(6), arguing respectively that: (1) Plaintiff failed to join the DMV as a required party under Rule 19, and (2) Plaintiff failed to state claims under Driver's Privacy Protection Act ("DPPA") and the California Invasion of Privacy Act ("CIPA"). Google's motion relies upon and seeks judicial notice of extraneous documents that purportedly evidence its "state of mind" and negate Plaintiff's well-pled allegations. This is a textbook example of "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint" to seek "premature dismissal[] of plausible claims that may turn out to be valid after discovery." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

In support of its argument that Plaintiff failed to state a claim under Rule 12(b)(6),[1] Google appended to the end of its Motion a request that the Court take judicial notice ("RJN") of three documents attached to the Declaration of Aarti Reddy ("Reddy Decl."), ECF No. 19-7. *See* Mot. at 25. Plaintiff opposes Google's request for judicial notice regarding two of the documents, including: the "operative version" of the Google Analytics Terms of Service from a Google webpage (Ex. B, ECF No. 19-8); and a webpage maintained by Google purportedly presenting "[b]est practices to avoid sending Personally Identifiable Information (PII)" (Ex. G, ECF No. 19-10).

Google fails to carry its burden of establishing that the Court may judicially notice Exhibits B and G. Specifically, they are not properly susceptible to judicial notice because Google offers them for the truth of the matters asserted therein to contradict Plaintiff's well-pled allegations, and they are irrelevant to Plaintiff's claims. Google reliance on these extraneous documents also runs afoul of Ninth Circuit precedent that cautions against the "overuse and improper application of judicial notice" for leading to "unintended and harmful results," *Khoja*, 899 F.3d at 998, because "[i]f defendants are permitted to present their own version of the facts at the pleading stage—and

[1] The Court may consider evidence outside of the pleadings for purposes of Google's Rule 12(b)(7) argument. *White v. Univ. of Cal.*, 2012 WL 12335354, at *5 (N.D. Cal. Oct. 9, 2012).

district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief," *id.* at 999.

Accordingly, the Court should refuse to take judicial notice of Exhibit B and G.

## II. LEGAL STANDARD

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion.'" *Finkelstein v. AXA Equitable Life Ins. Co.*, 325 F. Supp. 3d 1061, 1065 (N.D. Cal. 2018) (citation omitted). One exception to this general rule is judicial notice. "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Courts may not "consider documents [outside the complaint] 'only to resolve factual disputes against the plaintiff's well-pled allegations in the complaint[,]'" *see G.N. v. Life Ins. Co. of N. Am.*, No. 20-cv-08907-HSG, 2021 WL 2633404, at *2 (N.D. Cal. June 25, 2021) (citing *Khoja*, 899 F.3d at 1014), or to draw disputed factual inferences from judicially noticeable facts, *see Pinterest, Inc. v. Pintrips, Inc.*, 15 F. Supp. 3d 992, 997 (N.D. Cal. 2014) ("hotly contested" questions "cannot be answered solely by reference to information gleaned from judicially noticed documents") (internal citation and quotation omitted). To take judicial notice of a document, it "must be relevant to the matter before the court." *Townshend v. Rockwell Int'l Corp.*, No. C 99-0400 SBA, 2000 WL 433505, at *2 (N.D. Cal. Mar. 28, 2000).

## III. ARGUMENT

Google argues that Exhibit B, the purportedly operative Google Analytics Terms of Service ("GA TOS"), and Exhibit G, a printout of a Google webpage allegedly communicating "[b]est practices to avoid sending Personally Identifiable Information (PII)" (the "Help Center webpages"), are judicially noticeable because they are offered to show Google's "state of mind." Mot. at 25. Google's flawed argument should be rejected.

Plaintiff alleged facts demonstrating that Google's conduct was willful and intentional. *See, e.g.*, Complaint ¶¶ 103, 110, 117. Google uses Exhibits B and G to directly contradict Plaintiff's well-pled allegations. For example, Google offers Exhibit B as evidence that "the DMV agreed not to 'pass information, hashed or otherwise, to Google that Google could use or recognize as personally identifiable information," and that the DMV agreed to comply with all laws and policies regarding personal information. Mot. at 3 (citing Johnson Decl. Ex. B, which is the same GA TOS as Ex. B to the Reddy Decl.).

Similarly, Google cites Ex. G as evidence that Google's Help Center webpages—which Google does not argue the DMV saw or was bound by—warned individuals who happened to see those webpages "that 'no data be passed to Google that Google could use or recognize as personally identifiable information . . . such as names . . . email addresses, or any similar personal identifiers.'" *Id*.

Relying on these documents, Google argues that "Plaintiff [] could not amend to plausibly allege that Google targets users based on disability status, given Google's express policies that prohibit advertisers from sending such information to Google," *id*. at 21, and "Plaintiff cannot plausibly allege [] intent on the face of Googles policies disclosing the opposite intention." *Id*. at 24.

Because Plaintiff pleads Google's intent to obtain and exploit her personal information in sufficient factual detail, Google's intent—or "state of mind"—will of course be a hotly disputed factual issue in this case. Yet Google's argument relying on these documents requires Court to accept the contents thereof as true to establish Google's state of mind, in direct contradiction to Plaintiff's allegations. Additionally, to take judicial notice of these documents, the Court would have to infer in Google's favor (1) that the terms of the GA TOS and the Help Center webpages accurately reflected Google's undefined "policies," (2) these documents are the ***only*** documents evidencing Google's "state of mind" regarding its intent, and (3) the GA TOS is the single document that governs the relationship between the DMV and Google.

Google's reliance on these documents and emphasis on their contents over Plaintiff's well-pleaded factual allegations is an improper attempt to offer its own version of the facts from which

it asks the Court to resolve disputed factual inferences in Google's favor at the pleading stage, which is not permitted. *See Gershzon v. Meta Platforms, Inc.*, No. 23-cv-00083-SI, 2023 WL 5420234, at *9, n.3 (N.D. Cal. Aug. 22, 2023) ("The Court will not consider documents beyond the pleadings and draw inferences from those documents in Meta's favor."); *Pinterest*, 15 F. Supp. 3d 997. Because the factual inferences or versions of facts that Google seeks to introduce through these documents are subject to reasonable dispute, they are not appropriate for judicial notice. *See, e.g.*, *In re Mora*, 199 F.3d at 1026 n.3.

Additionally, the Court should disregard Exhibits B and G because they are irrelevant. The core of Plaintiff's allegations is that Google intentionally designed Google Analytics and DoubleClick to do exactly what they did—surreptitiously harvest as much data from websites as possible, without consent—and through that technology deployed on the DMV website, Google obtained and used Plaintiff's personal information for its own financial gain. *See* Complaint ¶¶ 36-41. What Google may have *allegedly* told the DMV to do or not do in relation to Google Analytics and DoubleClick or the information collected therefrom does not change how *Google* designed Google Analytics or Double Click or what *Google* itself did with the data it received from the DMV website. *See Blye v. California Supreme Ct*., No. 11-cv-5046-DWM, 2014 WL 295022, at *1 (N.D. Cal. Jan. 21, 2014) ("[A]n irrelevant fact is one not of consequence in determining the action, see Fed. R. Evid. 401(b), and therefore cannot be classified as an adjudicative fact" to be judicially noticed.); *Townshend*, 2000 WL 433505, at *2.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks the Court to deny Google's Request for Judicial Notice.

Date: August 6, 2024

Respectfully submitted,

By: /s/ Roland S. Tellis

Roland Tellis (SBN 186269)
rtellis@baronbudd.com
David Fernandes (SBN 280944)
dfernandes@baronbudd.com
Sterling L. Cluff (SBN 267142)

scluff@baronbudd.com
Michael J. Pacelli (SBN 338042)
mpacelli@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Blvd, Suite 1600
Encino, CA 91436
Telephone: 818.839.2333

*Attorneys for Plaintiff and the Putative Class*