COOLEY LLP
JEFFREY M. GUTKIN (216083)
(jgutkin@cooley.com)
AARTI REDDY (274889)
(areddy@cooley.com)
MORGAN LEWIS (322205)
(melewis@cooley.com)
JULIA M. IRWIN (352861)
(jirwin@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

KATHERINE WILSON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

GOOGLE LLC,

Defendant.

Case No. 5:24-cv-03176-EKL

**DEFENDANT GOOGLE LLC'S STATEMENT OF RECENT DECISION**

Pursuant to Civil Local Rule 7-3(d)(2), Defendant Google LLC submits this Statement of Recent Decision in connection with Defendant's pending Motion to Dismiss (the "Motion"). *See* ECF No. 19.

On January 3, 2025, following the close of briefing on the Motion, the Honorable P. Casey Pitts of the United States District Court Judge for the Northern District of California issued an order granting defendant LinkedIn Corporation's motion to dismiss the plaintiff's Driver's Privacy Protection Act ("DPPA") claim with prejudice in *Jackson v. LinkedIn*, Case No. 5:24-cv-00812-PCP, at Dkt. No. 60. A copy of the slip opinion in *Jackson* is attached hereto as Exhibit A.

In *Jackson* (brought by the same counsel representing Plaintiff Katherine Wilson in this matter), the plaintiff sued LinkedIn, claiming that the operation of its "Insight Tag" advertising pixel on the disability parking placard-related webpages of the California Department of Motor Vehicles' website violated the DPPA and the California Invasion of Privacy Act. Ex. A at 1. Judge Pitts determined that, notwithstanding the *Jackson* plaintiff's inclusion of allegations about her MyDMV account in her first amended complaint, she failed to allege facts sufficient to show that the information LinkedIn allegedly obtained came from a motor vehicle record. *Id.* at 8. Because "[t]he DPPA applies only where a defendant has obtained personal information from a motor vehicle record," the *Jackson* court dismissed the DPPA claim with prejudice. *Id.*

The Court then determined that "[b]ecause . . . comity concerns strongly outweigh any of the other relevant factors, it would be inappropriate for this Court to exercise supplemental jurisdiction over Jackson's remaining CIPA claim in the absence of some other basis for jurisdiction" and further observed that it "has serious concerns that CAFA's 'home state' exception precludes this Court from exercising CAFA jurisdiction over Jackson's CIPA claims." Order at 9-10. The Court concluded the order by directing the parties to file "supplemental briefs and supporting evidence regarding CAFA's home state exception within 21 days." *Id.* at 11.

Dated: January 7, 2025

COOLEY LLP

By: */s/ Jeffrey M. Gutkin*
Jeffrey M. Gutkin

Attorney for Defendant
GOOGLE LLC

312965012